UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DAMIEN DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-00037-SRC |
| ) | |
| BRANDON WESTERN et al., ) | |
| ) | |
| Defendant. ) | |

## Order

Damien Davis, a self-represented prisoner at the Southeast Correctional Center in Charleston, Missouri, filed a Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983, doc. 1, a Motion for Appointment of Counsel and Affidavit in Support, doc. 2, an Application to Proceed in District Court Without Prepaying Fees or Costs, doc. 3, and a hand-written letter to the Court, doc. 5. But before this case can proceed, the Court must address a defect in Davis's filings.

Generally, when initiating a lawsuit, parties must "pay a filing fee" before proceeding, 28 U.S.C. § 1914, with one exception relevant here: when a litigant seeks and obtains leave to proceed *in forma pauperis*, *see* 28 U.S.C. § 1915. To obtain *in forma pauperis* status, a plaintiff must "submit[] an affidavit that includes a statement of assets" he "possesses" showing that he "is unable to pay" the filing fee. 28 U.S.C. § 1915(a)(1). Likewise, an incarcerated plaintiff must provide a certified copy of his inmate-account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Davis did not provide a certified copy of his inmate-account statement. He states in his letter to the Court that "prison officials will not or cannot provide [him] with a six month read out of my account." Doc. 5 at 1 (The Court cites to page numbers as assigned by CM/ECF.).

But when a plaintiff provides an incomplete financial picture, it paralyzes a court's ability to properly determine the plaintiff's *in forma pauperis* status. *See Hobson v. Schmitt*, No. 4:23-cv-00781-SRC, 2023 WL 4234550, at *3 (E.D. Mo. June 28, 2023). Thus, the Court denies Davis's *in forma pauperis* application, doc. 3, without prejudice. The Court orders that Davis must, no later than September 12, 2025, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application on the Court-provided form and an inmate-account statement, both compliant with the requirements in section 1915(a) and Local Rule 2.05(A). The Court also directs the Clerk of Court to mail Davis the Court's standard application to proceed in district court without prepaying fees or costs.

Lastly, the Court addresses Davis's Motion for Appointment of Counsel and Affidavit in Support. Doc. 2. In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id*. (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time. Until Davis either pays the filing fee or obtains *in forma pauperis* status and complies with all the other applicable rules, the Court cannot properly assess the merits of his claims or determine whether he or the Court would benefit from the assistance of counsel. Therefore, the Court denies,

2

without prejudice, Davis's Motion for Appointment of Counsel and Affidavit in Support. Doc. 2.

Accordingly, the Court denies, without prejudice, Davis's [3] Application to Proceed in District Court Without Prepaying Fees or Costs.  Davis must, no later than September 12, 2025, either (i) pay the full $405 filing fee or (ii) file a renewed *in forma pauperis* application on the Court-provided form and an inmate-account statement, both compliant with the requirements in section 1915(a) and Local Rule 2.05(A).  The Court directs the Clerk of Court to mail Davis the Court's standard application to proceed in district court without prepaying fees or costs.  The Court denies, without prejudice, Davis's [2] Motion for Appointment of Counsel and Affidavit in Support.

So ordered this 28th day of July 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE