UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DAMIEN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-00037-SRC |
| | ) | |
| BRANDON WESTERN et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum and Order</u>**

In October 2025, the Court denied without prejudice Damien Davis's motion to proceed *in forma pauperis* because he did not submit an inmate-account statement that complied with 28 U.S.C. § 1915(a)(2).  Doc. 10 at 2 (The Court cites to page numbers as assigned by CM/ECF.).  The Court ordered Davis to, no later than November 21, 2025, either pay the full filing fee or file a renewed *in forma pauperis* motion and certified account statement.  *Id.*

Davis has since filed (1) a motion for extension of time to file his inmate-account statement, doc. 11; (2) a motion for relief from compliance with the Court's November 21 Order, doc. 13; (3) a renewed motion for leave to proceed *in forma pauperis*, doc. 20; (4) a certified inmate-account statement, doc. 21; (5) a motion for appointment of counsel, doc. 19; and (6) two motions for a preliminary injunction and temporary restraining order, docs. 15, 18.  Davis also filed several miscellaneous motions, including a motion to compel, doc. 14, and two motions asking the Clerk of Court to serve process and filings on Defendants, docs. 16–17.

For the reasons discussed below, the Court grants Davis leave to proceed *in forma pauperis* and assesses an initial partial filing fee of $37.77.  The Court denies as moot Davis's Motion for Extension of Time, his Motion for Relief from Compliance, and his motions directed

at the Clerk of Court.  The Court denies Davis's requests for injunctive relief and appointment of counsel without prejudice.  Finally, the Court reserves ruling on Davis's Motion to Compel.

## I.      Filing fee

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding.  28 U.S.C. § 1914(a).  Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay.  28 U.S.C. § 1915(a)(1).  When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating the inability to pay.  28 U.S.C. § 1915(a)(1).  In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account.  28 U.S.C. § 1915(b)(1).  After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full.  28 U.S.C. § 1915(b)(2).  "The agency having custody of the prisoner shall forward payments from the prisoner's account to the [C]lerk of the [C]ourt each time the amount in the account exceeds $10 until the filing fees are paid."  *Id*.

Because Davis filed a certified inmate-account statement, *see* doc. 21, the Court denies as moot Davis's Motion for Extension of Time, doc. 11, and his Motion for Relief from Compliance, doc. 13.  His account statement shows transaction activity from October 1, 2025 through April 21, 2026.  Doc. 21 at 1.  Davis filed this action on February 18, 2025, so his inmate-account statement needed to provide data for the six-month period beginning August 18,

2

2024.  *See* 28 U.S.C. § 1915(a)(2).  But because of Davis's apparent difficulty in obtaining his inmate-account statement over the past sixteen months, *see* docs. 5, 11–13, the Court accepts Davis's account statement and calculates an initial partial filing fee based on the available information.  *Cf. Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997) (noting that, when a prisoner on appeal is unable to provide a certified copy of his inmate-account statement, the Court should assess a "reasonable amount warranted by available information").

Davis's account statement reflects an average monthly deposit of $188.83 and an average monthly balance of $92.41.  *See* doc. 21.  The Court therefore assesses an initial partial filing fee of $37.77, which represents 20 percent of Davis's average monthly deposit.  *See* 28 U.S.C. § 1915(b).  Davis must pay this sum to the Clerk of Court no later than August 10, 2026.

## II.      Appointment of counsel

The Court next addresses Davis's Motion for Appointment of Counsel.  Doc. 19.  In civil cases, a self-represented litigant does not have a "constitutional or statutory right to appointed counsel."  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." (citation omitted)).  Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id*. (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

The Court finds that appointment of counsel is not warranted at this time.  Until Davis pays the initial partial filing fee, the Court cannot properly assess the merits of his claims or

determine whether he or the Court would benefit from the assistance of counsel.  Therefore, the Court denies, without prejudice, Davis's Motion for Appointment of Counsel.  Doc. 19.

**III.     Motions for preliminary injunction and temporary restraining order**

Davis separately moves for a preliminary injunction and temporary restraining order under Federal Rule of Civil Procedure 65.  Docs. 15, 18.  He asks the Court to compel Defendants to transfer him from the Southeast Correctional Center to a facility where he can complete substance-abuse treatment required for parole eligibility.  Doc. 15 at 5; doc. 18 at 4.  And he alleges that the defendants have refused to process the transfer.  Doc. 15 at 2–3; doc. 18 at 2–3.

A party moving for a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).  Davis cannot make that showing.  The Complaint alleges excessive force, failure to intervene, and retaliatory threats by correctional officers in March and April 2024.  Doc. 1 at 6–12.  It says nothing about substance-abuse treatment, parole eligibility, or transfer decisions.  *See generally id.*  Because the relief Davis seeks is not tied to the conduct he alleges in his Complaint, the Court denies, without prejudice, Davis's motions for a preliminary injunction and temporary restraining order.  Docs. 15, 18.

**IV.     Remaining motions**

The Court notes that Davis also filed a Motion to Compel Preservation of Evidence, doc. 14; a Motion for Clerk to Serve Defendants, doc. 16; and a Motion for Clerk to Serve All Filed Motions on Defendants, doc. 17.  The Court reserves ruling on Davis's Motion to Compel until after Davis pays the initial partial filing fee and his Complaint undergoes review under 28 U.S.C.

§ 1915(e).  And the Court denies as moot Davis's remaining motions, docs. 16, 17, as the Clerk of Court will address these matters if Davis's Complaint survives section 1915 review.

## V.    Conclusion

Accordingly, the Court grants Davis's [20] Motion for Leave to Proceed *In Forma Pauperis* and assesses an initial partial filing fee of $37.77.  Davis must pay this sum to the Clerk of Court no later than August 10, 2026.  If Davis does not pay the initial partial filing fee by August 10, 2026, the Court may dismiss this case without prejudice and without further notice. The Court denies as moot Davis's [11] Motion for Extension of Time, his [13] Motion for Relief from Compliance, his [16] Motion for Clerk to Serve Defendants, and his [17] Motion for Clerk to Serve All Filed Motions on Defendants.  The Court further denies, without prejudice, Davis's [19] Motion for Appointment of Counsel and his [15] [18] Motions for Preliminary Injunction and Temporary Restraining Order.  The Court reserves ruling on Davis's [14] Motion to Compel Preservation of Evidence.

So ordered this 25th day of June 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE